UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Continental Industries Group,

                                                    Plaintiffs,

                              -against-                          **12 CIV. 6966**
                                                                **12 CIV. 5599**

FTS International Services, Inc. and FTS International
Services, LLC.

                                                    Defendants.

------------------------------------------------------------------------ x


### THE COURT'S INSTRUCTIONS OF LAW TO THE JURY






1

# Contents

I.   INTRODUCTION ............................................................................................................ 3
   A.   Role of the Court .................................................................................................... 3
   B.   Role of the Jury ..................................................................................................... 4
   C.   Duty of Impartiality .............................................................................................. 5
   D.   Conduct of Counsel ............................................................................................... 6
II.  EVIDENTIARY MATTERS .......................................................................................... 7
   A.   What Is or Is Not Evidence ................................................................................... 7
   B.   Direct and Circumstantial Evidence ..................................................................... 8
   C.   Inferences .............................................................................................................. 9
   D.   Witnesses ............................................................................................................. 10
      1.   Witness Testimony ...................................................................................... 10
      2.   Deposition Testimony ................................................................................. 11
      3.   Witness Credibility ..................................................................................... 12
      4.   Interest in Outcome ..................................................................................... 14
      5.   Number of Witnesses .................................................................................. 15
      6.   Expert Witnesses ........................................................................................ 16
      7.   Discrepancies in Testimony ........................................................................ 17
   E.   Exhibits ............................................................................................................... 18
   F.   Burden of Proof ................................................................................................... 19
III. LAW SPECIFIC TO THE CASE ................................................................................. 21
   A.   Nature of the Case ............................................................................................... 21
   B.   Continental's Breach of Contract Claims ............................................................ 21
      1.   First Element of Continental's Breach of Contract Claims ......................... 21
         a.   Affirmative Defense/Counterclaim: Fraudulent Inducement ................. 22
         b.   Affirmative Defense: Equitable Estoppel ............................................. 23
      2.   Second Element of Continental's Breach of Contract Claims ..................... 23
      3.   Third Element of Continental's Breach of Contract Claims ........................ 24
         a.   Affirmative Defense: Waiver of Notice and Opportunity to Cure ......... 24
      4.   Fourth Element of Continental's Breach of Contract Claims ...................... 24
   C.   Continental's Promissory Estoppel Claim ........................................................... 24
   A.   Damages Generally .............................................................................................. 25
   B.   Compensatory Damages ...................................................................................... 26
   C.   Consequential Damages ....................................................................................... 26
   D.   Damages for Promissory Estoppel ...................................................................... 27
   E.   Mitigation ............................................................................................................ 27
IV.  CONCLUDING INSTRUCTIONS ............................................................................... 29
   A.   Rights to See Exhibits and Hear Testimony ....................................................... 29
   B.   Notes to the Court ............................................................................................... 30
   C.   Note Taking by Jurors ......................................................................................... 30
   D.   Selection of Foreperson ....................................................................................... 30
   E.   Duty to Deliberate to Unanimous Verdict .......................................................... 32
   F.   Return of Verdict ................................................................................................. 33

Preamble: I am now going to instruct you on the law. It is important that you listen to my instructions, but you do not need to write them down because I am going to give you a written copy of the instructions when you go to deliberate.

## I.   INTRODUCTION

### A.   Role of the Court

You have now heard all the evidence in this case. At this point, it is my duty to instruct you on the law that will govern your deliberations.

As I told you at the start of this case, it is your duty to accept my instructions of law and apply them to the facts as you determine them. You must follow the law as I give it to you, regardless of any opinion you may have about what the law may be or ought to be. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instruction, or any word or phrase in an instruction, as alone stating the law; you should consider the instructions as a whole.

B.      Role of the Jury

As I have said, your role is to decide the fact issues in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You determine the weight of the evidence. You appraise the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the evidence or lack of evidence.

In determining facts, you should rely on your recollection of the evidence. What the lawyers have said the evidence shows in their opening statements, objections or questions, or may say in their closing arguments, is not evidence. Nor is anything I may have said during the trial or may say during these instructions to be taken as evidence. If there is any difference or contradiction between what any lawyer has said and what you decide the evidence has shown, or between anything I may have said and what you decide the evidence has shown, please be mindful that it is your view of the evidence only that controls.

C.     Duty of Impartiality

You are to perform your duty of finding the facts in this case in an atmosphere of complete fairness and impartiality, without bias, prejudice or sympathy toward any party. All parties stand as equals before the bar of justice. You are to deliberate coolly and calmly, considering and weighing the evidence without emotion or regard to the reaction the parties or the public may have to your verdict.

D.    Conduct of Counsel

It is the duty of the attorney for each side of a case to object when the other side offers

testimony or other evidence that the attorney believes is not properly admissible. An attorney has

the right and duty to ask the court to make rulings of law and to request conferences at the side

bar, out of the hearing of the jury. All such questions of law must be decided by me. You should

not show any prejudice against any attorney or party because an attorney objected to the

admissibility of evidence, asked for a conference out of the hearing of the jury or asked me for a

ruling on the law.

Whether offered evidence is admissible is purely a question of law in the province of the

court and outside the province of the jury. In admitting evidence to which objection has been

made, the court does not determine what weight should be given to such evidence, nor does it

pass on the credibility of the evidence. Of course, you will dismiss from your mind completely

any evidence which has been ruled out of the case by the court, and you will refrain from

speculation or conjecture or any guesswork about the nature or effect of any colloquy between

court and counsel held out of your hearing or sight.

I also ask you to draw no inference from my rulings or from the fact that, upon occasion,

I may have asked questions of certain witnesses. My rulings were no more than applications of

the law and my questions, if any, were only intended for clarification or to expedite matters.

I have no opinion concerning the verdict you should render in this case.

## II. EVIDENTIARY MATTERS

A.      What Is or Is Not Evidence

The evidence from which you are to decide the facts in this case consists only of:

(1)      the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

(2)      the exhibits that were received in evidence; and

(3)      any facts to which all the lawyers have agreed, or stipulated.

Nothing else is evidence; not what the lawyers say, not what I say and not anything you may have heard outside the courtroom.

B.      Direct and Circumstantial Evidence

There are two types of evidence which you may use in reaching your verdict—direct evidence and circumstantial evidence.

Direct evidence is when a witness testifies about something the witness knows by virtue of his own senses—something the witness has seen, touched, heard or tasted. Direct evidence may also be in the form of an exhibit admitted into evidence where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. For example, assume that when you came into the courthouse this morning the sun was shining. Assume the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then, a few minutes later, another person entered with a wet umbrella.   Now, on these facts, you cannot look outside of the courtroom to see whether it is raining. So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining. That is all there is to circumstantial evidence. Using your reason, experience and common sense, you infer, from established facts, the existence or nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence. You can consider either or both and give them as much or little weight as you deem warranted.

C.      Inferences

In their closing arguments, the attorneys may ask you to infer from one or more facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a logical conclusion that you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by either direct or circumstantial evidence, using your reason, experience and common sense.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiffs may ask you to draw one set of inferences, while the defendants may ask you to draw another. It is for you, and you alone, to decide what inferences, if any, you will draw.

D.      Witnesses

    1.      Witness Testimony

A question put to a witness is not evidence. Only a witness' answers are evidence. However, you may not consider any answer that I directed you to disregard or struck from the record, or to which I sustained an objection.

At times, a statement may have been incorporated into a question which assumed certain facts to be true, and a witness may have been asked if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the question posed to the witness.

Similarly, if a hypothetical question was asked, based upon certain assumed facts, it is for you to determine, based upon the evidence in the case, whether those assumed facts are true. You may not consider them to be true simply because they were contained in a question posed to a witness.

2.      Deposition Testimony

Deposition testimony, like testimony given in court, is evidence in this case. A deposition consists of questioning a witness under oath before trial, and it is entitled to equal consideration by you even though it was taken before the trial and outside the courtroom. When there is such an examination, a stenographer records the testimony and turns it into a transcript, and later, the testimony as recorded in the transcript may be read in court. Sometimes a video recording of the deposition is made, and portions of the video may be played in court. The portions of the transcript that you have seen or heard must be considered as if the testimony came from the witness while she was on the stand, and you should consider the testimony of a witness given at a deposition according to the same standards you use to evaluate witness testimony given at trial.

### 3.  Witness Credibility

You have had the opportunity to observe or hear from the witnesses. It is now your job to decide how believable each witness was in his testimony. You are the sole judges of the credibility of each witness and the importance of each witness' testimony.

How do you determine where the truth rests? You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or hostility to color his testimony.

You should consider: (1) the opportunity the witness had to see, hear and know the things about which he testified; (2) the accuracy of the witness' memory; (3) the witness' candor or lack of candor; (4) the witness' intelligence; (5) the reasonableness and probability of the witness' testimony; and (6) the consistency and corroboration of the witness' testimony with other believable testimony.

You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. Often it is not what a witness says but how the witness says it that counts. How did the witness impress you? Did the witness appear to be frank, forthright and candid, or evasive and edgy, as if hiding something? What was the witness' demeanor? What was the witness' behavior, bearing, manner and appearance while testifying? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is truthful.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness' demeanor, the explanations given and all the other evidence in the case.

Always remember that you should use your common sense, your good judgment and your own life experience in determining witness credibility.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness' testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

If you find that any witness has testified falsely as to any material fact, that is, as to any important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable." You may accept so much of his testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

4.    Interest in Outcome

In evaluating the credibility of a witness, you should take into account any evidence that the witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness' own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter their interest in the outcome of a case, would not testify falsely. It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, a witness' interest affected his or her testimony.

In this case, as in any lawsuit, both the plaintiffs and the defendants have an interest in the outcome of the case.

5.    Number of Witnesses

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has a greater weight than that of a larger number on the other.

The testimony of a single witness which produces, in your minds, belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being the most accurate, and otherwise trustworthy.

6.    Expert Witnesses

An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge, skill, experience, and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing each expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

7.      Discrepancies in Testimony

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

E.      Exhibits

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification, but not admitted, are not evidence. Materials brought forth only to refresh a witness' recollection are also not evidence.

F.     Burden of Proof

Members of the jury, now that I have given you general instructions, I am going to

instruct you on the law to be applied to the specific issues in this case. But, first, I am going to

explain the concept of "burden of proof." The burden of proof in this case is by a preponderance

of the evidence.

The party with the burden of proof on any given issue has the burden of proving to you

every disputed element of that party's claim by a preponderance of the evidence. If you conclude

that the party bearing the burden of proof has failed to establish that party's claim by a

preponderance of the evidence, you must decide against that party on the issue you are

considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance

of the evidence means to prove that the fact is more likely true than not true. A preponderance of

the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness

of the evidence, not to the number of witnesses or documents. In determining whether a claim

has been proved by a preponderance of the evidence, you may consider the relevant testimony of

all witnesses, regardless of who may have called them, and all the relevant exhibits received in

evidence, regardless of who may have produced them.

This concept—preponderance of the evidence—is often illustrated with the idea of scales.

In considering whether the plaintiffs have met their burden of proof on their claims, you put on

one side all the credible evidence favoring the plaintiffs and, on the other side, all the credible

evidence favoring the defendants. If the scale tips toward the plaintiffs because plaintiffs'

evidence is weightier, then you must find in the plaintiffs' favor. If the scale tips toward the

defendants because defendants' evidence is weightier, then you must find in the defendants' favor.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—that party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scale tips, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Proof beyond a reasonable doubt is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it completely out of your mind.

In this case, the burden is on the plaintiffs to prove every essential element of their claims by a preponderance of the evidence. If the proof should fail to establish any essential element of the plaintiffs' claims by a preponderance of the evidence in this case, you should find for the defendants as to that claim.

There is one exception to what I have just said. For defendants' affirmative defense and counterclaim of fraudulent inducement, the burden of proof is clear and convincing evidence. What does "clear and convincing evidence" mean? To establish a fact by clear and convincing evidence means that there is a high degree of probability that the fact is substantially more likely than not it is true.  It is a higher standard than preponderance of evidence.

III.  LAW SPECIFIC TO THE CASE

A.      Nature of the Case

Plaintiff Continental is a New York company that trades and distributes petrochemicals worldwide. Defendant FTS is a Texas corporation that provides well stimulation services for the oil and gas industry. Continental and FTS are companies engaged in the business of the purchase and importation of agriculturally based products for use in the oil and gas industry.

Continental brought these lawsuits and alleges that FTS breached two contracts: a Supply Agreement which contemplated that Continental would provide guar gum powder to FTS over a five-year period and a separate agreement for a one-time purchase of 20 containers of guar gum powder.

B.      Continental's Breach of Contract Claims

To establish a claim of breach of contract, Plaintiff must show: (1) formation of a contract between the plaintiff and the defendant, (2) performance by the plaintiff, (3) the defendant's failure to perform and (4) resulting damage proximately caused by the defendant's failure to perform. All of these elements must be proven by Plaintiff by a preponderance of the evidence.

1.      First Element of Continental's Breach of Contract Claims

Continental must prove, by a preponderance of the evidence, that contracts were formed between it and FTS.

A contract is an agreement between two parties, based on promises or commitments they make to each other. To be binding, a contract must manifest a mutual intent by both parties to be bound to the terms and conditions of the contract. A common way to say this is that there must

be a meeting of the minds. There can be no contract if only one party intends to be bound. Where

both parties manifest an intent to be bound by all material terms, a contract has been formed. On

the other hand, where an agreement has not been reached with respect to all material terms, a

contract has not been formed.

a.   Affirmative Defense/Counterclaim: Fraudulent Inducement

Even if Continental establishes that contracts were formed, FTS may refute this by

proving, by clear and convincing evidence, that Continental fraudulently induced it to enter the

contracts. To establish fraudulent inducement, a party must prove that (1) the other party

misrepresented or omitted a material fact; (2) that was false and known to be false by the party

making the misrepresentation; (3) the party who made the misrepresentation did so for the

purpose of inducing the party to whom the misrepresentation was made to rely on the

misrepresentation; and (4) the party to whom the false statement was made reasonably relied on

the misrepresentation.

A few words about each of these elements:

As to the first element, a "misrepresentation" is either an outright lie or a half-truth

purposely designed to create a false impression. A misrepresentation is "material" if a reasonable

person would attach importance to it in deciding how to proceed with respect to the arrangement

in question. Similarly, an omission is material if a reasonable person would, if informed of the

omitted information, attach importance to it in deciding how to proceed with respect to the

arrangement.

As to the second element, "known to be false" means that Continental either actually

knew the misrepresentation was false or the omission misleading, or else that it consciously

chose to blind itself to the high probability that this was so.

As to the third element, at least part of Continental's purpose in making the misrepresentation or omission must have been to induce FTS to enter into the business arrangement to which the misrepresentation related.

As to the fourth element, FTS relied on the misrepresentation or omission if it was a substantial factor in its decision to enter into the arrangement. Such reliance was reasonable if, in light of all of the circumstances, a reasonable person in FTS's position would have accepted the statements made by plaintiffs as true and complete and relied on them in deciding whether to enter into the arrangement.

### b.  Affirmative Defense: Equitable Estoppel

Even if Continental establishes that contracts were formed, FTS may refute the enforceability of those contracts by proving it is entitled to equitable estoppel. To establish the defense of equitable estoppel, FTS must prove by a preponderance of the evidence that (1) the plaintiff falsely represented or concealed a material fact to the defendant; (2) the plaintiff intended that such concealment or misrepresentation would be relied upon by the defendant; (3) the plaintiff knew the real facts; (4) the defendant did not know the real facts; (5) the defendant relied on the plaintiff's concealment or misrepresentation; and (6) the defendant was prejudiced as a result.

### 2.     Second Element of Continental's Breach of Contract Claims

Continental must also prove, by a preponderance of the evidence, that it performed its obligations under the contract. A defendant's performance under a contract is excused where the plaintiff has failed to perform its side of the bargain, or has itself committed a material breach.

23

3.      Third Element of Continental's Breach of Contract Claims

Continental must also prove, by a preponderance of the evidence, that FTS failed to

perform its side of the bargain.

a.  Affirmative Defense: Waiver of Notice and Opportunity to Cure

If Continental proves that FTS failed to provide notice and an opportunity to cure, FTS

may nonetheless show that its obligation to provide such is waived. To prove that Continental

waived its right to notice and an opportunity to cure, FTS must show, by a preponderance of the

evidence, that providing such notice and opportunity to cure would have been useless.

4.      Fourth Element of Continental's Breach of Contract Claims

If you find that FTS failed to perform its side of the bargain, Continental must also prove,

by a preponderance of the evidence, that FTS's failure to perform is the proximate cause of its

damages. An injury or damage is proximately caused by an act or a failure to act whenever it

appears from the evidence that the act or failure to act played a substantial part in bringing about

or actually causing the injury or damage, and that the injury or damage was either a direct result

or a reasonably probable consequence of the act or omission.

C.      Continental's Promissory Estoppel Claim

Even if no contracts were formed between the parties, Continental contends that it is

entitled to damages based on promissory estoppel. Where no contract has been formed, a

plaintiff may recover on a theory of promissory estoppel if it can prove: (1) a clear and

unambiguous promise was made by the defendant, (2) the plaintiff reasonably relied on the

promise, and (3) the plaintiff substantially relied on the promise to its detriment.

## DAMAGES

A.    Damages Generally

If you find that plaintiff has proven its claims by a preponderance of the evidence, you must then determine the damages to which it is entitled. Please note that just because I am instructing you on how to award damages does not mean that I have any opinion on whether any defendant should be held liable. That is for you to decide on the evidence presented and the law I have given you.

You should not reach the issue of damages unless you find that the plaintiff has established the liability of at least one defendant. If you decide that plaintiff has not proven that he is entitled to recover from any defendant, you need go no further. I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recover damages.

*Nature of the Plaintiff's Damages Claims*

In this case, Continental seeks to recover compensatory damages to compensate for its alleged losses under the alleged contracts. Continental also seeks to recover consequential damages.

B.      Compensatory Damages

If you return a verdict for plaintiff, then you must award it such sum of money as you believe will fairly and justly compensate it for any injury you believe was proximately caused by the liable defendant's conduct. These damages are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate it for the damage that it suffered, and/or which the plaintiff is reasonably likely to suffer in the future. You may only award compensatory damages for those injuries which you find plaintiff has proven by a preponderance of the evidence to have been the proximate result of the defendants' conduct in violation of the law, as I have explained that law to you. Compensatory damages should not be awarded for speculative claims or damages.

Plaintiff is entitled to only one recovery, if at all, sufficient to compensate the plaintiff reasonably for its injuries. Therefore, you should not compensate a plaintiff for the same injury twice simply because the injury resulted from the acts or omissions of more than one defendant.

Additionally, if you find that the injuries suffered by plaintiff was partly the result of conduct that was legal and partly the result of conduct that was illegal, you must award damages only for such portion of the injuries attributable to the illegal conduct.

C.      Consequential Damages

In addition to compensatory damages, Continental seeks consequential damages. Just because I am instructing you on consequential damages does not mean that I have any opinion on whether a defendant should be held liable or that the plaintiff is entitled to consequential damages.

The law distinguishes between general damages, which are the natural and probable consequences from the breach of contract, and special or consequential damages, which do not directly flow from the breach. Consequential damages must be proven with reasonable certainty; they may not be speculative, possible, or imaginary. For a party to recover consequential damages, it must prove, with reasonable certainty, that such damages were (1) foreseeable and within the contemplation of the parties at the time the contract was made and (2) proximately caused by the breach.

D.     Damages for Promissory Estoppel

Damages recoverable under a claim for promissory estoppel are limited to actual expenditures made by the plaintiff in performing the work which was induced by the defendant's promise. Damages for promissory estoppel do not include lost profits.

E.     Mitigation

It is the defendant's burden to prove, by a preponderance of the evidence, that the plaintiff failed to mitigate damages. The law imposes a duty to take advantage of reasonable opportunities a damaged party may have to prevent the aggravation of its damages, so as to reduce or mitigate the loss or damage. If you find the defendant is liable, and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage that it could have avoided through such reasonable effort. If the plaintiff unreasonably failed to take advantage of

an opportunity to lessen its damages, you should deny recovery for those damages which it would have avoided had it taken advantage of the opportunity.

## IV.  CONCLUDING INSTRUCTIONS

### A.    Rights to See Exhibits and Hear Testimony

As I said earlier, in determining the facts of this case, you must rely on your recollection of the evidence. In aid of your recollection, you may request any of the exhibits admitted into evidence. Additionally, if any of you wishes to have witness testimony provided to you, you may request that. I am not suggesting that you must or should do this. I am simply saying that it is a service we can make available to you.

If any juror wishes to have testimony provided, simply send me a written note, through your foreperson. If you request testimony, please try to be as specific as possible about which portions of the testimony you would like provided. If you are not specific, the lawyers must agree on what portions of testimony you are requesting and, if they disagree, I must resolve that disagreement. In any event, it takes time for the court reporter to find testimony in the record, so please be patient if you send a note and there seems to be a delay in responding to you. If you want any further explanation of the law as I have explained it to you, you may also request that.

B.      Notes to the Court

Any notes that you send to me should be: (1) signed by your foreperson, indicating the

date and time of the note; (2) sealed in an envelope; and (3) given to the marshal, who will be

seated outside the jury room throughout your deliberations.

If you do send me any notes, please make sure you do not give any indication of your

present state of thinking on any disputed issue; particularly, you must not inform me of your vote

count on any issue.

C.      Note Taking by Jurors

Any notes you may have taken during trial are simply an aid to your memory. Because

the notes may be inaccurate or incomplete, they may not be given any greater weight or

influence than the recollections of other jurors about the facts or the conclusions to be drawn

from the facts in determining the outcome of the case. Any difference between a juror's

recollection and a juror's notes should always be settled by asking to have the court reporter's

transcript provided to you. You must base your determination of the facts, and ultimately, your

verdict on the court record rather than on any juror's notes.

D.      Selection of Foreperson

The juror who sits in the number one chair will be the foreperson of the jury unless, for

any reason, that person prefers not to act in that capacity, in which event, your first order of

business will be to send me a note, identifying the new foreperson.

The foreperson presides over the deliberations and speaks for the jury in open court.

Moreover, the foreperson signs and sends all notes to me and notifies the marshal when the jury

has reached a verdict.

The foreperson has no greater voice or authority than any other juror.

E.      Duty to Deliberate to Unanimous Verdict

It is your duty as jurors to consult with one another with a view to reaching a unanimous verdict. Each of you must decide the case for yourself, after a consideration of the evidence with your fellow jurors. You should not hesitate to change an opinion if the discussion persuades you that you should. However, you are not to give up a point of view that you conscientiously believe in simply because you are outnumbered or outweighed. You should vote with the others only if you are convinced on the evidence, facts, and law that it is the correct way to decide the case.

I remind you that no juror should surrender his or her conscientious beliefs about the effect or weight of the evidence solely for the purpose of returning a unanimous verdict.

F.      Return of Verdict

In an effort to assist you, your verdict in this case will be a verdict in the form of a series of questions to be answered by you in the jury room after you have begun your deliberations.

No inference is to be drawn from the way the questions are worded about what the answer should be. The questions are not to be taken as any indication that I have any opinion about how they should be answered.

Before the jury attempts to answer any question, you should read all of the questions, and make sure that everyone understands each question. Before you answer the questions, you should deliberate in the jury room and discuss the evidence that relates to the questions you must answer. When you have thoroughly considered the questions and the evidence that relates to those questions, record the answers to the questions on the verdict form. Remember, all answers must be unanimous.

After you have reached a verdict and your foreperson has filled in the verdict form that has been given to you, each of you should sign and date it. The foreperson should then send me a note indicating that you have reached a verdict. Do not specify what the verdict is in the note. Instead, the foreperson should retain the verdict sheet, and hand it to the deputy clerk in open court when you are called in.

I remind you that your verdict must be unanimous. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.